IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

THOMAS T. PERRYMAN, JR.,      )
                             )
        Plaintiff,           )
                             )
v.                           )        CASE NO.: 2:13-cv-515-MEF
                             )           (WO - Do Not Publish)
CITY OF WETUMPKA, ALABAMA,   )
WETUMPKA PLANNING            )
 COMMISSION,                 )
                             )
        Defendants.          )

## MEMORANDUM OPINION AND ORDER

This case is before the Court on a Notice of Removal (Doc. #1) filed by Defendants

the City of Wetumpka, Alabama and the Wetumpka Planning Commission (collectively,

"Defendants") on July 19, 2013, and an Objection to Transfer to Federal Court, which the

Court construes as Motion to Remand (Doc. #4), filed by Plaintiff Thomas T. Perryman, Jr.

("Perryman") on August 5, 2013.  After careful consideration of the applicable law and the

arguments of counsel, the Court finds that Perryman's motion to remand is due to be

DENIED.

## I.  STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction.  *See, e.g., Kokkonen v. Guardian Life*

*Ins. Co. of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th

Cir. 1994).  As a result, federal courts have the power to hear only cases they have been

authorized to hear by the Constitution or by the Congress of the United States.  *See*

*Kokkonen*, 511 U.S. at 377.  One type of case that Congress has empowered federal courts to hear are cases that have been removed by a defendant from state to federal court if the plaintiff could have brought his or her claims in federal court originally.  *See* 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  The removing defendant bears the burden of demonstrating that a district court has original jurisdiction over the subject matter of an action.  *See Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996).  Although remanding a case back to state court is the favored course of action when the existence of federal jurisdiction is not absolutely clear, "federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress."  *Burns*, 31 F.3d at 1095; *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996).

## II.  DISCUSSION

This matter arises from a dispute over Defendants' purported "arbitrary and capricious" refusal to grant Perryman's request to re-zone certain real property he owns in Wetumpka, Alabama from R-H (rural and holding) to B-2 (business).  On June 28, 2013, Perryman filed a Complaint in the Circuit Court of Elmore County, Alabama, alleging various state and federal claims under Ala. Code. §§ 11-52-80 through -81 and 42 U.S.C. § 1983.  (Doc. #1-1.)  These claims include a claim for violations of § 1983 (Count I), unspecified "constitutional violations" under the United States Constitution and the Alabama Constitution (Count 2), and "state and municipal statutory violations" of unspecified municipal, state, and federal laws (Count 3).  (Doc. #1-1.) Perry's Complaint further notes that "the matter could be transferred to Federal Court because *a number of federal questions*

2

*are at issue.*"  (Doc. #1-1, ¶ 1) (emphasis added).

Given the violations of federal law clearly alleged in Perryman's Complaint, and Perryman's own recognition that his claims, as pled in the Complaint, could be litigated in federal court, Defendants timely removed the action to federal court, invoking this Court's federal question subject matter jurisdiction under 28 U.S.C. § 1331.  (Doc. #1.)  Perryman's tune, however, appears to have changed, and he now objects to Defendants' removal and asks this Court to remand his claims back to the Circuit Court of Elmore County on the grounds that federal subject matter jurisdiction is lacking.  (Doc. #4.)

The Court begins by noting that it has carefully reviewed Perryman's motion to remand and has neither the time nor the patience to address every aspect of the "legal" buffoonery contained therein.  Instead, the Court will hit the high points.  Perryman first argues that the amount in controversy in this case does not rise to the level required to establish federal subject matter jurisdiction.  Establishing the amount in controversy, however, is a requirement of diversity jurisdiction only.  It has no bearing on whether a district court has federal question jurisdiction over a matter, and any attorney who practices in federal court should be aware of this basic distinction.  *Compare* 28 U.S.C. § 1331, *with* 28 U.S.C. § 1332.  Thus, the Court will chalk Perryman's argument on the amount in controversy up to a fundamental misunderstanding of federal subject matter jurisdiction.

Unfortunately, the same cannot be said for her remaining arguments as to why jurisdiction is lacking in this case.  For example, Perryman argues that the Court cannot exercise federal subject matter jurisdiction over this case because it was removed to federal

court before she had an opportunity to amend her Complaint "to correct a few typographical errors" and that **<u>no</u>** court (federal or state) had jurisdiction over this matter until the state court received notice that Defendants had been served, which did not occur until after removal.  This argument is patently frivolous.  A court's jurisdiction (whether state or federal) is conveyed via statute and exists independently of whether or when a court receives through the mail some notice that a defendant has been served in a case.  Thus, the fact that this case was removed before the state court clerk received notice of service of process is irrelevant to the determination of whether this Court has subject matter jurisdiction over this action.  Moreover, removal jurisdiction is determined by looking at the complaint at the time of removal, regardless of whatever future amendments are or may be made.  *See, e.g., Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1295 (11th Cir. 2008).  And even if Perryman did amend his Complaint post-removal to delete his federal claims, such an amendment would not divest this Court of jurisdiction because original subject matter jurisdiction existed on the date of Defendants' removal, and the Court has supplemental jurisdiction over Perryman's other state law claims.  *See  Leonard v. Enterprise Rent-a-Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Poore v. American-Amicable Life Ins. Co. of Tex.*, 218 F.3d 1287, 1289–91 (11th Cir. 2000)); 28 U.S.C. § 1367(a).

Finally, the Court is anything but convinced that the federal claims in Perryman's Complaint were the result of "a few typographical errors."  Perryman does not mention violations of federal laws once or even twice in his Complaint.  Rather, Perryman alleges federal constitutional violations throughout his Complaint and even asserts an ***entire*** count

4

based on violations of his Fifth and Fourteenth Amendment rights under § 1983.[1]  Surely Perryman does not expect the Court to believe that his numerous references to federal constitutional violations and his entire § 1983 count in his Complaint were typographical errors.

Perryman makes three other baseless arguments as to why the Court lacks federal subject matter jurisdiction in this case: (1) because Perryman always "intended to be herd [sic] in state court with a Bench Trial;" (2) because Perryman never specifically requested a jury; and (3) because federal court litigation is "a time and economic burden to the Plaintiff."[2]  (Doc. #1-1.)  To this the Court says, "So what?"  Perryman's undisclosed,

---

[1]  Perryman's introductory paragraph in his Complaint asks the Court to enforce state and *federal* law, and states that the action is brought "*seeking to enforce the constitutional provisions of federal law,* along with the related state law and municipal ordinances for judicial economy reasons." (Doc. #1-1, p. 1–2) (emphasis added).  The next paragraph states that the case is "brought under both Ala. Code §§ 11-52-80/81 and *42 U.S.C. § 1983,*" and the paragraph after that states that "the Plaintiff seeks to enforce he [sic] following *Federal laws: the Civil Rights Act; 42 U.S.C. Section 1983; along with substantive and procedural due process rights; in consideration of the "Equal Protection Clause," in order to prevent the wrongful "taking" or reduction of the real property value from the Plaintiff Perryman's parcel of property without just compensation by this governmental adverse action against the economic interest of this Wetumpka property owner, the Plaintiff THOMAS T. PERRYMAN, JR., granted by the United States Constitution through the 5th and 14th Amendments*, along with the Constitution of the State of Alabama[.]"  (Doc. #1-1, p. 2–3) (emphasis added).  Finally, Perryman's Complaint includes an entire count labeled "*Count I-42 U.S.C. Section 1983 Violation(s)*," which seeks damages for violations of § 1983, abuse of governmental power, conspiracy, and the wrongful taking of his property without just compensation, and then another count for "constitutional violations," which appears to seek recovery for violations of Perryman's *federal* rights to be free from unlawful and unauthorized government interference. (Doc. #1-1, p. 8–9) (emphasis added).

[2]  The Court notes that Perryman also makes a hail-Mary *Younger* abstention argument, which, like her other arguments, lacks any substantive merit.  *See McPhillips v. Blue Cross & Blue Shield of Ala.*, 79 F. Supp. 2d 1325, 1327 (M.D. Ala. 2000) ("As long as this federal court itself possesses jurisdiction over [the] suit, the fact that the state courts share concurrent jurisdiction over the action provides no support for [a] motion to remand.").

subjective intent to keep this case in state court has no bearing on whether this Court has subject matter jurisdiction over this action–only his Complaint does.  Perryman's failure to demand a jury in state court, and his desire for bench trial, also has no bearing on whether this Court has subject matter jurisdiction in this case.  Finally, and most incredible of all his arguments, is Perryman's claim that this case should be remanded back to state court because he does not want to spend the time or the money litigating this case in federal court.  Perhaps this is something that Perryman should have considered more carefully before asserting in his Complaint causes of action for violations of federal constitutional law that clearly constitute grounds for removal based on federal question jurisdiction.

Indeed, all of Perryman's arguments in opposition to removal should have been thought through more carefully, as none of them appear to have any legitimate basis in the law or the facts.[3]  Nonetheless, Defendants still spent their time and money (and the Court also spent its time and resources) responding to Perryman's motion and the many "arguments" contained therein.  In the Court's opinion, this is precisely the type of situation that warrants consideration of an award of sanctions–in this case, Defendants' fees and expenses incurred in responding to Perryman's motion–under Rule 11.  Rule 11 provides: "By presenting to the court a . . . written motion, . . . an attorney . . . certifies that to the best of the person's knowledge, information, or belief, formed after an inquiry reasonable under

---

[3] None of Perryman's arguments in opposition to remand are supported by citations to actual case law. (Doc. #4.)  Indeed, the only citations in her motion are to very generalized rules regarding jurisdiction (such as a quote that "federal courts are courts of limited jurisdiction"), and a citation to *Younger v. Harris*, 401 U.S. 37 (1971).

the circumstances: . . .(2) the claims, defenses, and other legal contentions are ***warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law***[.]"  Fed. R. Civ. P. 11(b).  After reviewing Perryman's motion, the Court is at a loss as to how Perryman's counsel could have filed this remand motion with the arguments contained therein in good faith under Rule 11.

### III.  CONCLUSION

Accordingly, it is hereby ORDERED as follows:

(1)     Plaintiff's Motion to Remand (Doc. #4) is DENIED; and

(2)     Connie Morrow, Perryman's counsel of record whose signature is affixed to the aforementioned Motion to Remand (Doc. #4), shall SHOW CAUSE in writing on or before October 21, 2013, as to why she should not be sanctioned under Rule 11 for her conduct as described herein.

DONE this the 8th day of October, 2013.

_____
              /s/ Mark E. Fuller
       UNITED STATES DISTRICT JUDGE

7